TATUM ET AL. VS. TATUM, COM'R, ETC., USE, ETC.

It is irregular, if not erroneous, in the Circuit Court to set aside its judgment overruling a demurrer to the defendant's plea, after the plaintiff had taken issue to the plea, and while the issue remains upon the record, and render judgment in favor of the plaintiff upon the demurrer. But this Court will not reverse the judgment for such irregularity, if upon the whole record the judgment is right, and the Court should have rendered judgment, *non obstante*, for the plaintiff, if the verdict upon the issue had been found for the defendant.

Under the act of 11th Jan'y, 1853, in relation to common schools, the trustees of

common schools are the proper parties to bring suits on notes given for the purchase of the sixteenth sections, (*Cloud, School Com'r vs. Danley et al.*, 16 *Ark.* 701.)   But the School Commissioner, to whom a note had been given for such purchase under a previous law, having the legal title, may well bring suit upon such note.

Matters of law cannot be pleaded; and if issues be taken to pleas setting upon matters of law, they are immaterial, and if found for the defendant, the Court will give judgment, *non obstante*, for the plaintiff.

*Appeal from the Circuit Court of Union county.*

Hon. ABNER A. STITH, Circuit Judge.

ASKEW and LEE, for the plaintiff.

By the act of 1851, page 120, sec. 24, the office of School Commissioner was abolished; and by sec. 27, the officer was required to surrender the bonds in his hands, and was thereupon discharged: and by act of 1853, p. 148, sec. 31, 39, 42, the township trustees were made successors of the School Commissioners, and authorized to sue upon bonds given to the latter.   Tatum, the School Commissioner, after his settlement or discharge, had no legal interest in the bond entitling him to sue in his own name—the right to sue being invested in the trustee. *Jackson vs. Hartwell*, 18 *J. R.* 422; *Carmichael vs. Trustees, etc.*, 3 *How.* (*Miss.*) *Rep.* 84; *Ang. & A. on Pri. Corp.*, p. 20, and authorities.   That a successor may sue in his own name.   1 *Cow.* 670; 22 *Pick.* 125; *Story on Pr. Notes*, ch. 4, sec. 123, and authorities.   The School Commissioner having no legal interest, had no right to sue for this public trust.

The averment in the pleas of legal interest in others, are only inducement to the traverse of the plaintiff's interest.

If a party having title is divested of it by record, any subsequent title acquired should be pleaded.

Mr. Justice HANLY delivered the opinion of the Court.

We infer from the fact of there being no declaration copied in the transcript, coupled with the additional fact that the omission of a declaration is not noticed by the counsel, that

this suit was brought under the act of December 5th, 1846, authorizing suits to be commenced, in the Circuit Courts of this State, by filing in the clerk's office the evidence of indebtedness, and constituting that a sufficient declaration, and directing the issuance of a summons. See *Digest, sec.* 1, *chap.* 126, *p.* 795.

The note filed as the foundation of the action in this cause, is in the following words, to wit:

"960.

" Ten years after date, we or either of us, promise to pay Joel Tatum, Commissioner of Township No. 19 South, Range No. 14 West, the sum of nine hundred and sixty dollars, bearing interest at the rate of 8 per cent. payable semi-annually in advance. This 8th day of October, 1845."

J. P. TATUM, [L. S.]

ELIJAH CABANISS. [L. S.]

It appears from the summons copied in the transcript, that the defendants were commanded to answer the " complaint of Joel Tatum, Commissioner, who sues to the use of John L. May, as Common School Commissioner of Union county," etc.

At the return term of the original writ of summons, the defendants appeared by their attorney and interposed four pleas, in substance as follows:

1. That the legal interest in the writing sued on, is and was, at and before the commencement of the suit, in one William G. Grisham, by operation of law, and not in the plaintiff.

2. That long before this suit was commenced, the writing sued on was, by operation of law, transferred and assigned over from the plaintiff to the Township Trustee and Treasurer of Common Schools, for School Township 19 South, Range 14 West, in the county of Union, and that the plaintiff had not the legal title to the instrument sued on.

3. This plea is, in substance, the same as the first, with this difference: it is averred in it, that by operation of law the legal title to the instrument sued on, passed from the plaintiff to one Grisham, as Treasurer of Common Schools of the county; and from him, by the act of 1853, to one John L. May, as successor

of Grisham, in whom it is averred the legal title to the note sued on was, at the time the action was commenced.

4. That the office of Common School Commissioner of Township No. 19 South, Range No. 14 West, in the county of Union, had been long before abolished by operation of law, and that the plaintiff, by order of the County Court of Union county having ample jurisdiction for that purpose, delivered the writing sued on to the clerk of such Court, and was thence discharged from his office as Commissioner, and all his powers and duties as such; concluding with a special traverse of plaintiff's title to the note sued on.

These pleas were severally demurred to by the plaintiff, and in his demurrers special grounds were assigned. The demurrers were considered and overruled by the Court, and the plaintiff at once took issue to each plea.

The day following, the Court below, on its own motion, announced that its judgment pronounced on the day previous upon the demurrers of the plaintiff to the pleas of defendants, was erroneous and should be set aside, which the Court accordingly then did, and entered a judgment sustaining the demurrers to the defendants' four pleas, without disposing of the issues of fact which had been formed on these pleas after the demurrers thereto had been overruled under the first judgment of the Court. To the doing of this the defendants by their attorney excepted at the time. The defendants declining to plead farther, final judgment was then rendered by the Court, in favor of the plaintiff, against the defendants, for the amount of the writing sued on with interest and cost of suit; for which the defendants also excepted and brought error.

The defendants below assign for error: (1) the action of the Court below in reference to the demurrers to their pleas, after issue had been taken to them by the plaintiff; (2) because the Court below proceeded to, and did render, final judgment in favor of the plaintiff, and against them without, in any way, disposing of the issues on their four pleas.

We will notice these errors, in the order in which they have been assigned.

1. It was certainly very irregular, if not erroneous, for the the Court below, after issue had been taken to the pleas, to set aside the judgment which it had pronounced, overruling the plaintiff's demurrers thereto, and thereby attempt to avoid the effect of a supposed error, committed in respect to such demurrers. If the Court had desired to have placed itself right with regard to those demurrers, the proper course for it to have pursued, would have been to announce the fact, and suggest to the counsel, the propriety of withdrawing the issues of fact upon those pleas, and when that had been done, it might have been proper for the Court to have sustained the demurrers to them. But to sustain the demurrers to the pleas, after issues of fact had been taken to them, did not and could not, by any manner of means, dispose of those issues, or remove them from the record. A party may well waive his demurrer to any pleading in a cause. This waiver is usually done by the party withdrawing his demurrer, or else by pleading over a matter of fact in answer to the pleading demurred to. The one is as effectual a mode as the other. See *Steph. Plea.* 139, 140, 151.

The law provided a means, to the Court, for correcting any error of judgment, which it might have committed in respect to the pleading. If the pleading over of the plaintiff, after his demurrers to the defendants' pleas had been overruled, did not cure the defects existing in the substance of the pleas, the want of substance could have been rendered as available to plaintiff, upon a motion in arrest, as upon demurrer. Or the Court, upon motion, could have given judgment *non obstante* for the plaintiff, if the verdict had been for the defendants upon an immaterial issue. In every view, in which we may regard the action of the Court on this point, we are constrained to hold it irregular, if not erroneous, and would, without hesitation, reverse the judgment for this fault alone, did we not think the judgment of the Court, upon the whole record, right, notwithstanding this error or irregularity. For, we are clearly of opinion that,

if the Court below had permitted the parties to go to a trial upon the issues to the four pleas, even if the finding had been for the defendants, the judgment necessarily must have been, *non obstante*, for the plaintiff, for the reason that the matter set up in those pleas, in no mode or manner of stating it, could bar or preclude the plaintiff from a recovery on his cause of action. See *Stephen Plea*. 97.

2. The cause of action in this case was evidently executed to the plaintiff, under and in pursuance of the provisions of *sec.* 11, *chap.* 145, *Digest, p.* 922. There seems to have been no act passed, bearing upon the point involved in this case, since the act of the 11th January, 1853. In *Cloud, School Com'r, etc., vs. Danley et al.*, 16 *Ark. Rep.* 701, it was held that, since the passage of the act of 11th January, 1853, in relation to common schools, the trustees of common schools, and not the county commissioner, are proper parties to bring suits on notes given for the purchase of the sixteenth section. The suit, in that case, was brought in the name of Cloud, as county commissioner, as successor of Robert Calvert, who was successor of Philip Link, to whom the note was payable, as township commissioner, and the Court very properly decided that the act of 11th January, 1853, did not invest the legal title thus deraigned, in Cloud, as township commissioner, but, on the contrary, only authorized suit to be brought in the name of the trustees of common schools, elected under the provisions of that act. But in the case before us, the facts are different. The suit is brought in the name of the payee of the instrument for the use, it is true, of an improper party. The legal title is evidently in Tatum, the plaintiff, under the contract, and under the act of 1853, the party really in interest had his election to treat the legal title as in the plaintiff, as he did in this case, or else sue in his own name, under the provisions of the act in question, and as held in the case of *Cloud, etc., vs. Danley et al., as above*.

But we have said the pleas are bad in substance. The matter set up in them is matter of law, which, it is said, is improper, as matter of law is not traversible. See *Steph. Plea.* 348, 191;

1 *Saund*. 23, *n*. (5); *Richardson vs. Mayor*, 2 *H. Blac*. 182. And this, because a denial of the law, involved in the preceding pleading, is an exception to the sufficiency of that pleading, in point of law; and is therefore within the scope and proper province of a *demurrer*, and not of a *traverse*. See *Steph. Plea*. 192. All that the pleas set up, the Court was bound judicially to know. Such matters should not be alleged in pleading. It is against the policy of the law to allow issues of fact to be raised upon the record, when the same matter could be determined by an issue of law. Beside this, if questions of law could be pleaded, such, for instance, as was done in the case before us, a cardinal rule of law would be violated by submitting the decision of such questions to a jury, when it is the special province and duty of the Court to determine all questions of law. It would be in the power of the parties, at any time and in all cases, to take from the Court the power and right to dispose of and decide questions of law, and confer their decision on the jury.

In this view, the issues on those pleas were immaterial, or rather no issues at all, and the Court, if they had resulted for the defendants, would have been compelled, under the plainest and clearest principles of law, to render judgment *non obstante* for the plaintiff.

Wherefore, notwithstanding the error or irregularity pointed out above, we are forced to hold, upon the entire record, there is no error apparent, which will authorize us to reverse the judgment of the Court below.

For the reasons above expressed, the judgment of the Circuit Court is therefore affirmed, at the cost of the plaintiffs in error.

Absent, Mr. Justice SCOTT.